GEORGE H. LANTIS v. SAMUEL E. DAVIDSON.

No. 10879.

1. INSANITY—*Statute of Limitations.* An insane person is under disability, within the meaning of the statute of limitations, although the question of his sanity has never been adjudicated by the probate court.

2. ——— *Employment of Counsel—Effect.* An allegation in a petition that the plaintiff employed counsel to set aside a judgment rendered against him will not overthrow a finding by the court that plaintiff was at the time of unsound time and incapable of managing his own affairs.

3. ——— *Presumption of Continuance.* The fact of insanity being established, it is presumed to continue until the demented person is shown to have been restored to reason.

Error from Kingman district court; G. W. McKAY, judge. Opinion filed April 8, 1899. Affirmed.

STATEMENT.

THIS was an action brought by Samuel E. Davidson to set aside two judgments, one of which was rendered in October, 1879, in favor of Robert S. Timmons against said Samuel E. Davidson and Sarah J. Davidson, his wife, mortgagors, for the sum of $524.61, and foreclosing a mortgage on land in Kingman county; and another judgment rendered October 19, 1881, in favor of John H. Clark for $360 and foreclosing a second mortgage held by him. In the journal entry in the latter case the judgment in the former was modified, decreasing the amount to $450. A sale of the property was had in 1882, and the property sold to Kos Harris, one of the attorneys for Timmons. The sale was duly confirmed and a deed issued to Harris, who conveyed to the plaintiff in error, George H. Lantis.

The petition alleges that the plaintiff borrowed money of Timmons to the amount of $275, and that

at the time suit was commenced in the district court, and during all of the time of the pendency of said action, the plaintiff was not of sound mind and was not capable of conducting, transacting or managing his own affairs, which said Timmons and Harris and Clark well knew; that while plaintiff knew he had been sued by Timmons, he did not know what was necessary to protect his rights and interests, and was incapable at the time of comprehending what were his legal rights; that he was told· by Timmons that no suit was pending against him, and no judgment could be obtained against him, which representations he relied on and believed; that Timmons well knew that plaintiff had borrowed from him but $275, and that this amount, with the interest, was the extent of the indebtedness, yet with intent to cheat and defraud the plaintiff he obtained a judgment for a sum greatly in excess of the amount actually due; that after judgment was taken, plaintiff employed counsel, one John Clark, to represent him, to procure a vacation and cancelation of the fraudulent judgment, but said Clark fraudulently and corruptly connived, colluded and conspired with the plaintiff in the action, and with his at-·torneys, to cheat and defraud the plaintiff; that plaintiff supposed that said Clark was procuring a vacation and cancelation of said fraudulent judgment, while in fact he was doing nothing to protect plaintiff's interests and permitted the fraudulent judgment to stand, having the same modified by reducing the amount from $524.61 to $450, and at the same time obtaining a judgment in his own (Clark's) favor against the plaintiff for $360, with a decree adjudging the same to be a second lien upon the land; that in July, 1881, plaintiff was arrested and brought before the probate court of Kingman county, and, upon a hearing, adjudged to be of un-

sound mind, and was by said probate court committed to the insane asylum at Osawatomie, Kan., and was there kept and confined from July, 1881, to July, 1893, when he was adjudged to be restored to sanity and discharged; that at no time during the pendency of said action did the plaintiff have a guardian in charge of his property or person, nor a guardian *ad litem*, and was not in any manner represented in said proceedings after he was adjudged insane in July, 1881; that except from January, 1890, he was without a guardian; that the value of the land is $2500. The prayer of the petition asked that the judgments and decrees be set aside and the sale therein held to be void, and for general relief.

The defendant below, George H. Lantis, demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action against him. This demurrer was overruled. Thereupon said Lantis answered, which said answer contained: (1) A general denial; (2) an allegation that plaintiff had no title or interest in the premises described in the petition; (3) a denial that the plaintiff was insane or of unsound mind prior to the month of July, 1881, and denied that no guardian *ad litem* was appointed in the action set out and described in the petition, alleging that the suit above mentioned, brought by Timmons, was conducted in a wholly legal and proper manner and a valid judgment obtained therein; (4) an allegation that the suit was commenced more than two years after the guardian of said plaintiff was duly appointed and qualified, and that the same was barred by the statute of limitations; (5) a denial that the judgment was procured by fraud or irregularity, averring that the defendant was the owner of the premises by virtue of a valid sale, and that he paid full value

for the premises; (6) the claim that plaintiff never paid, or caused to be paid, the original debt, nor ever tendered the same; (7) an allegation that defendant is the owner of the premises and has been since the year 1882, and has erected lasting and valuable improvements thereon, which premises are now worth the sum of $4000.

The case was tried without a jury, and the court made the following findings:

"*First.* That the judgment set out and described in plaintiff's petition, being the judgment or pretended judgment obtained in the district court of Kingman county, Kansas, on or about the ——— day of October, 1879, in cause No. 4, wherein Robert S. Timmons was plaintiff and Samuel E. Davidson was defendant, was obtained fraudulently; that at the time of the rendition of said pretended judgment said Samuel E. Davidson had no personal notice or knowledge of the pendency of said suit, neither was the said Samuel E. Davidson at the time of the rendition of said pretended judgment of sound mind and memory, nor was he capable of understanding or comprehending his rights and duties in said action or his relations thereto, and that the judgment first obtained by said Timmons was afterwards vacated by the said district court of Kingman county, and a new and different judgment rendered in said cause, which said new and different judgment was rendered after this plaintiff, Samuel E. Davidson, had been sent to the insane asylum, and without notice to him or any one representing him.

"*Second.* That the pretended judgment obtained in said cause No. 4 in the district court of Kingman county, Kansas, after a consolidation with cause No. 28, which said pretended judgment was of date October 19, 1881, was obtained fraudulently; that one Clark perpetrated a fraud upon the said Samuel E. Davidson in obtaining said judgment; that the said S. E. Davidson had been adjudged insane in the probate court of Kingman county and had been sent, and

was, at the time of the rendition of said judgment in favor of the said Clark and against the said Davidson, in the insane asylum at Osawatomie under a verdict of the jury and a judgment of the probate court of Kingman county.

"*Third.* That no guardian *ad litem* was ever appointed by the district court of Kingman county, or by any court, to represent the said S. E. Davidson in said cause No. 4, and that no guardian *ad litem* appeared for or represented the said Davidson at any stage of the proceedings in said cause No. 4 in said court.

"*Fourth.* That at the time of the sale of the lands described in plaintiff's petition, to wit, southeast quarter of section 26, township 28 south, of range 5 west, upon the execution or order of sale issued out of the district court of said Kingman county in said cause No. 4, and at the time of the said pretended sale by the sheriff of Kingman county under said pretended execution or order of sale under and by virtue of which the defendant herein, George H. Lantis, claims title, the said Samuel E. Davidson had been adjudged insane and was in the insane asylum and had not been restored to sound mind by any decree or judgment of any court of competent jurisdiction, and was not represented by attorney or by a guardian *ad litem* in any of said proceedings.

"*Fifth.* That said sale was fraudulent and null and void and did not convey title to the aforesaid lands to the said George H. Lantis.

"*Sixth.* That the pretended sheriff's sale of the aforesaid real estate by the sheriff of Kingman county, wherein and whereby said sheriff pretended to sell said real estate upon an execution or order of sale issued out of the district court of Kingman county in cause No. 4, was fraudulent, null, and void; that at the time of said pretended sale said S. E. Davidson had been adjudged to be of unsound mind and was in the insane asylum, and was not represented by attorney or guardian *ad litem* or in anywise.

"*Seventh.* That said pretended sale was made to the defendant herein, George H. Lantis, and the sher-

iff's deed to said real estate, based upon said sale, was made by mistake to one Kos Harris, an attorney of record in said case, when in fact said sale was made direct to George H. Lantis.

"*Eighth.* That said George H. Lantis had full notice and knowledge of the facts and circumstances involved in and surrounding the obtaining the aforesaid judgments in favor of said Clark and said Timmons, and of the relations of said Clark to the said S. E. Davidson.

"*Ninth.* That the execution or order of sale, the pretended sale by the sheriff and the confirmation thereof were each and all irregular, null, and void, and did not pass or convey title to the above-described real estate from Samuel E. Davidson to George H. Lantis.

"*Tenth.* That all of the proceedings, from the commencement of said action No. 4 in said district court of Kingman county down to and including the making of the sheriff's deed by the sheriff of said county to the defendant George H. Lantis, were so grossly irregular and fraudulent as to render the entire proceedings therein null and void.

"It is now, therefore, adjudged and decreed that the said pretended judgments in favor of the said Timmons and in favor of the said Clark in said cause No. 4, being of record on page 39 of judgment docket 'A' in the district court of Kingman county, Kansas, and of date October 19, 1881, be and the same are hereby vacated, canceled, and annulled.

"And it is the further judgment and decree of this court that all proceedings had in said cause No. 4 after the rendition of said pretended judgment, including the execution or order of sale under and by virtue of which the real estate herein described was sold and the pretended sheriff's sale of real estate, and the sheriff's deed made in pursuance of said sale by the sheriff of Kingman county to the defendant George H. Lantis, be and the same are hereby canceled, vacated, and annulled and held for naught, and that the plaintiff Samuel E. Davidson be let into the full and undisputed possession of the aforesaid real estate."

Lantis v. Davidson.

*Amidon & Conly*, for plaintiff in error.

*Sankey & Campbell*, for defendant in error.

The opinion of the court was delivered by

Smith, J.: The case is presented to us upon the pleadings, conclusions of fact, and the decree. No evidence is preserved in the record. The plaintiff in error earnestly contends that the action was barred by the statute of limitations. We cannot concur in this claim. In the first conclusion of fact the court found that Samuel E. Davidson, at the time of the rendition of the judgment, in October, 1879, was not of sound mind and memory, and was incapable of understanding or comprehending his rights and duties in said action or his relations thereto, and that the judgment first obtained by Timmons was afterward vacated and a new and different judgment rendered in the cause after Davidson had been sent to the insane asylum, and without notice to him or any one representing him.

The averment in the petition of plaintiff below that he employed counsel to protect and guard his interests and to procure a vacation of the judgment is not a direct negation of the conclusions of fact found as above. At the time the judgment was rendered Davidson was in a demented condition; and this fact being established, his disordered mental state was presumed to continue. A judgment *confessed* by an insane person may be set aside. (*Crawford v. Thompson*, 161 Ill. 161, 43 N. E. 617.) Instead of vacating the judgment, the attorney Clark, in October, 1881, obtained a *nunc pro tunc* order in the case modifying the same, which order contained a judgment in his (Clark's) favor for $360 against Davidson. At the

time this order was made Davidson was confined in the insane asylum. The sections of the statute applicable to the case read :

"Proceedings to vacate or modify a judgment or order for the causes mentioned in subdivisions 4, 5 and 7 of section 568 (the next preceding section) must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or person of unsound mind, and then within two years after the removal of such disability." (Gen. Stat. 1897, ch. 95, § 602 ; Gen. Stat. 1889, ¶ 4676.)

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed." (Gen. Stat. 1897, ch. 95, § 11 ; Gen. Stat. 1889, ¶ 4094.)

It appears that from October, 1879, until July, 1893, the plaintiff below was of unsound mind and incapable of managing his own affairs. This action was commenced in the district court September 6, 1894, less than two years after his disability was removed. The plaintiff in error contends that the period of Davidson's disability should commence in July, 1881, from the date he was adjudged by the probate court to be insane. This adjudication, however, was only better evidence of insanity, the district court having found that Davidson was incapable of managing his own affairs and that he was of unsound mind at the time of the rendition of the judgment. Insanity frequently exists before a judicial determination of that fact has been had. The adjudication overcomes the presumption that the party is sane. It does not follow that because there is no adjudication there is no insanity. A legal disability may rest upon a person of unsound mind, although the question of his insanity may never

have been the subject of judicial inquiry.  Section 13, chapter 95, General Statutes of 1897 ( Gen. Stat. 1889, ¶ 4096), has no application to this case.

It is contended that, as the original judgment was rendered against Samuel E. Davidson and Sarah J. Davidson, they both must join in the action to set it aside.  The question of a defect of parties plaintiff was not raised in the court below, either by demurrer or answer, and hence cannot be considered here. (*Parker v. Wiggins*, 10 Kan. 420 ; *Seip v. Tilghman*, 23 id. 289.)

The court having found that the plaintiff in error, George H. Lantis, had full notice and knowledge of the facts and circumstances involved in and surrounding the obtaining of the judgments in favor of said Clark and Timmons, and of the relations of Clark to Davidson, he cannot be protected as an innocent purchaser of the property.

The judgment of the court below will be affirmed.