HOWARD L. GRIMSHAW *et al.* v. I. L. KENT, *as Administrator, etc.*

No. 13,237.   (73 Pac. 92.)

SYLLABUS BY THE COURT.

1. CONTRACT—*Evidence of Mental Capacity.* Where the issue to be tried relates to the mental capacity of one to enter into a contract, non-expert witnesses who have been thrown in close and intimate relations with the person whose mental capacity is questioned, and who have had ample opportunity of observing the conduct of such person, may give in evidence their opinion as to the mental capacity of such person at the time the contract was made.

2. ———— *Transactions with Deceased Person.* In an action by an administrator of the estate of a deceased person, the defendants, if otherwise qualified, may testify as to the mental capacity of the deceased at the time the contract is claimed to have been made. '

3. ———— *Privileged Communications—Attorney and Client.* A lawyer who prepared a contract at the request of such deceased person may be permitted to give in evidence a conversation with the deceased at the time the contract was executed, for the purpose of showing that the deceased knew and understood the contents of the contract, if the relation of attorney and client did not exist between the witness and such deceased person.

Error from Miami district court; W. H. SHELDON, judge. Opinion filed July 10, 1903. Reversed.

*J. E. Maxwell,* and *W. T. Johnston,* for plaintiffs in error.

*Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This action was brought by I. L. Kent, administrator of the estate of Elizabeth C. Grimshaw, deceased, against Howard L. Grimshaw and Olive A. Grimshaw, his wife, son and daughter-in-law of Elizabeth C. Grimshaw, to recover the sum

of $1950, alleged to be money of the estate in the hands of defendants. As shown by the record, defendants lived at Winslow, Ariz. Deceased had placed this money in their hands to invest for her, higher rates of interest being obtainable in Arizona than at the home of deceased in Kansas. In November, 1901, the following contract was executed by the parties:

"This agreement, made and executed and entered into this 3d day of May, A. D. 1901, by and between H. L. Grimshaw and Olive A. Grimshaw, his wife, of the town of Winslow, Navajo county, territory of Arizona, the parties of the first part, and Elizabeth C. Grimshaw, widow, of Paola, Miami county, state of Kansas, the party of the second part:

"WITNESSETH, That the parties of the first part, for and in consideration of the sum of nineteen hundred dollars, lawful money of the United States, to them in hand paid, the receipt whereof is hereby acknowledged and confessed, do hereby contract and agree that they (the parties of the first part), and each of them, jointly and severally, their heirs, executors, and administrators, shall and will pay, in lawful money of the United States, to the party of the second part, during her natural life, the sum of twenty dollars per month, payable each and every month at such place as the party of the second part may be located.

"It is hereby expressly understood and agreed that this is a contract wherein the parties of the first part bind themselves, their heirs, executors, and administrators, to pay to said party of the second part an annuity in the sum of two hundred and forty dollars per annum, payable monthly in instalments of twenty dollars for each and every calendar month during the life of the beneficiary, the said party of the second part.

"In the event of the failure of the said parties of the first part to faithfully carry out the conditions above set out and for a period of two months, then and in that event the parties of the first part contract

Grimshaw v. Kent.

and agree that the full sum of $1900 shall, at the option of the party of the second part, become immediately due and payable to the said second party, and the said sum of $1900 is hereby stipulated and agreed to between the parties hereto as fixed, settled and liquidated damages for such default, and proceedings may immediately be had by the said second party against said parties of the first part, their heirs, executors, or administrators, for the recovery of said sum.

"IN WITNESS WHEREOF, We have hereunto set our hands and seals, the day and year above written.

MRS. E. C. GRIMSHAW.    (SEAL.)
H. L. GRIMSHAW.          (SEAL.)
OLIVE A. GRIMSHAW.       (SEAL.)"

This contract and compliance with its terms were pleaded by defendants in answer to the action brought against them. In reply, plaintiff put in issue the making of the contract. He specially pleaded the mental incapacity of deceased to enter into such contract; that defendants procured the possession of the funds and the execution of the contract by fraud and undue influence, and non-compliance by defendants with the terms of the contract. At the trial there were verdict and judgment for plaintiff. Defendants bring error.

The only questions of merit arising on this record relate to the rejection of testimony by defendant in the form of depositions. In response to the issue raised as to the mental capacity of deceased at the time of the execution of the contract, after proof of the execution of the contract by deceased had been made, and after it had been shown by defendants that deceased had lived for some time prior to the execution of the contract at the home of defendants, defendant Olive Grimshaw was asked: "What can you say from your association with her, your observation of her

30—67 KAN.

conduct, . . . and your conversation with her, as to her mental condition?'' To this question an objection was interposed and the answer thereto excluded. Defendant Howard Grimshaw was asked: ''During the time of your mother's last visit, what can you say as to her mental condition, from your association with her, your conversation with her, and her actions and conduct?'' The answer to this question was also excluded from the jury. In view of the issue raised by the pleadings, this evidence was material.

An attempt is made to justify the ruling under that provision of the code which renders defendants incompetent to testify as to any transaction or conversation had personally with the deceased. We do not think this position tenable. These questions were not propounded for the purpose of placing before the jury any transaction with, or conversation of, the deceased, but for the p rpose of apprising the jury of the mental condition of deceased at and before the execution of the contract. Nor was the ruling justified upon the theory that defendants were non-experts, and hence incompetent to express an opinion as to the mental condition of deceased. The deceased had lived in the home of defendants prior to the execution of the contract; they had thus been thrown in constant close and intimate relations with her, and had an opportunity to form, and were competent to express, an opinion as to her mental condition. (*Baughman v. Baughman*, 32 Kan. 538, 4 Pac. 1003; *City of Parsons v. Lindsay*, 26 id. 426; *The State v. Beuerman*, 59 id. 586, 53 Pac. 874; *Connecticut Mut. Life Ins. Co. v. Lathrop*, 111 U. S. 612, 28 L. Ed. 536.) The exclusion of this evidence was error.

Again, for the purpose of showing that deceased

knew and understood the contents of the written contract at the time it was executed by her, the witness W. H. Burbage, who prepared the contract, was asked : "Will you state what conversation, if any, occurred between yourself and Mrs. Elizabeth C. Grimshaw leading up to the execution of this contract?" The answer of the witness to this question was also excluded. It is contended that as the witness was a lawyer the conversation requested was privileged. We think not. Here no relation of attorney and client existed. Any person at all familiar with business transactions could have performed the labor of drafting the contract in question as readily as the witness. As the purpose of the question was to place before the jury the mental capacity of deceased to know and understand the contract she was entering into with defendants, and as the question propounded was not for the purpose of varying or contradicting the terms of a written contract, the witness should have been allowed to answer the question.

Other assignments of error are made, but from an examination of the record we deem them unimportant. On account of the errors mentioned, the judgment must be reversed and cause remanded for a new trial.

All the Justices concurring.