L. G. HOWARD *et al.* v. OTELIA R. CARTER *et al.*

No. 13,994.    (80 Pac. 61.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Extension of Time for Serving Case-made.* Under the provisions of chapter 380, Laws of 1903, the time for serving a case-made may be extended upon the oral request or motion of a party desiring it. If such request, or motion, be made at the time of the rendition of the judgment, and such extension of time be then granted by an order embodied in the journal entry of the judgment, this is a sufficient compliance with the requirement that such notice, or order, be filed with the clerk of the court. If the order of extension of time be made subsequently to the entry of judgment it must be filed with the clerk.

2. PRACTICE, DISTRICT COURT—*Objection to Introduction of Evidence.* An objection to the introduction of evidence under a petition, the principal object of which is to set aside a deed to property of which the plaintiff is not in possession, alleged to have been procured by undue influence, is properly overruled notwithstanding the fact that a prayer for partition is joined with that for other relief.

3. ——— *Practice Not to be Encouraged.* The practice of questioning the sufficiency of a petition by an objection to the introduction of evidence thereunder is not to be encouraged, and such objection should be overruled if, upon any fair construction of the petition, any cause of action be stated.

4. LIMITATION OF ACTIONS—*Persons Insane, Weak-minded, and Unduly Influenced.* The statute of limitations will not run in favor of a person claiming under a deed made by one mentally unsound, or by one mentally weak, and under the undue influence of the grantee, while such conditions exist.

5. FRAUD—*Pleading and Proof.* General averments of fraud contained in a petition are sufficient as against an objection to the introduction of evidence under such petition.

6. INSANE PERSONS—*Non-expert Witness.* A non-expert witness may give his judgment as to the sane or insane state of another's mind, after having detailed the extent of his opportunities to deduce a correct opinion. The weight of such opinion is to be left to the jury, considering the opportunities for, and the accuracy of, such observation.

7. ——— *Proof of Undue Influence.* That a person in a weak and unsound mental condition does an act which one would not be likely to do except he were unduly persuaded and influenced thereto is some evidence that he was so influenced.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed March 11, 1905. Affirmed.

*H. B. Schaeffer,* and *Casebier & Worswick,* for plaintiffs in error.

*D. H. Morse,* and *William J. Morse,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The defendants in error object to the consideration of this suit upon its merits for the reason that the court has no jurisdiction. This arises upon the claim that the case was not made in accordance with the provisions of the present statute. At the time of the rendition of the judgment the court ordered:

"The defendants [naming plaintiffs in error] are given ninety (90) days from the 2d day of May, 1903, to make and serve a case for the supreme court, and the plaintiff is given twenty (20) days after such service to suggest amendments, the case to be signed and settled upon ——— days' notice."

The case was made and settled in accordance with the order thus made. It is objected, however, that this order, while conforming to the statute and practice prior to the enactment of chapter 380 of the Laws of 1903, did not conform to the provisions of that act; that the old law was repealed by the express provisions of that chapter, and hence all proceedings thereafter must conform to the requirements therein contained. We are not disposed to disagree with this contention, but do not agree with the claim that the proceedings in this case did not substantially comply with the provisions of the new law. It is provided in the new statute that, if the party desires more than the ten days given by the statute within which to make and serve his case-made, the court or judge before whom the case is tried may, on motion, order an extension of that time, which notice, or order, of extension shall be filed with the clerk of the court. The contention seems to be that this extension must be made upon motion, presumably a written motion, not at the time of the rendition of the judgment but at some time subsequent thereto and prior to the expiration of the ten days, and thereupon, such motion having been allowed, and the time extended, notice of such extension must be filed with the clerk. This stateliness and precision of procedure are not required. The motion need not necessarily be in writing; that is, ordinarily, in the absence of statute, rule of court, or well-established practice, it need not. (14 Encyc. Pl. & Pr. 74, 114.) Here the requirement that the court may extend the time "on motion" may well be held to be on request, and without formality. We have already held that the word "notice" should be

read "order" (*Clark v. Mitchell County*, 69 Kan. 542, 77 Pac. 284), and now hold that if a party desiring to make a case for the supreme court wishes longer time than the ten days given by the statute he may, either at the time of the rendition of the judgment, or after (and before the expiration of ten days), request the court or judge to grant such extension, and only in the latter case is it suggested that the order be filed with the clerk. If the extension be made at the time of the rendition of the judgment, and go into the journal entry of judgment, this is a filing of the order of extension. We think there was a substantial compliance with the statute in the making of this case-made.

The petition set out the facts of plaintiff's case substantially as follow: That she was the daughter and heir at law of one Conrad Schuster, who died on or about the 20th of January, 1899, intestate, leaving as his heirs the plaintiff, Otelia R. Carter, and her sister, the defendant W. K. Howard, who is the wife of defendant L. G. Howard, and the heirs of Bettie Clark, deceased, who was also a daughter of Conrad Schuster; that Conrad Schuster was at the time of his death seventy-six years of age, and that for more than eight years prior to his death he was both bodily and mentally weak and easily influenced; that on the 17th and 19th days of April, 1893, he conveyed by warranty deed all of his real estate, being all of his property, to his two sons-in-law, L. G. Howard and S. M. Clark, the same being worth at the time more than $4000; that he was at the time weak both bodily and mentally, and easily influenced; that the defendants S. M. Clark and L. G. Howard, with the assistance and connivance of their wives, and for the purpose and with the intent to deprive the other lawful heirs of Conrad Schuster of their just shares of his estate, coaxed, persuaded and unduly influenced him to execute these deeds, and thereby convey to them all of

his real estate, without consideration therefor, and without paying him anything, and without obligating themselves to pay or do anything for him.  The prayer of the petition was that the deeds be. canceled and set aside, that the defendants be held to account for rents and profits, and that partition of the lands be made. Issues were joined by an answer denying the allegations of the petition generally and pleading the statute of limitations.  Change of venue was taken to Leavenworth county, where trial of the issues was had before the court, two questions, however, being submitted to a jury.  These, with their answers, were as follow:

"Ques.  Was Conrad Schuster of sound mind and memory at the time he executed the deeds in controversy?  Ans.  No.
"Q.  Was the execution of the deeds in controversy due to, and the result of, undue influence exerted upon the grantor by the defendants or any of them?  A. Yes."

These answers were approved and adopted by the court, which thereupon set aside the deeds, proceeded to an accounting between the parties for rents and profits, and decreed partition of the premises in accordance with their respective interests as the court found them to be.  This judgment the plaintiffs in error, who were defendants below, now seek to have reversed.  The claimed errors will be considered in the order in which they are presented.

It is claimed that error was committed in overruling an objection to the introduction of evidence because the petition did not state facts sufficient to constitute a cause of action, first, because it showed on its face that the plaintiff below was out of possession of the real estate in controversy, and the suit, being one in partition and not in ejectment, could not be maintained by one thus situated as against those in possession.  The cases of *Denton v. Fyfe,* 65 Kan. 1, 68 Pac. 1074, and *Chandler v. Richardson,* 65 id. 152, 69 Pac. 168, are cited in support of this claim.  It must, how-

ever, be remembered that the suit was not primarily one in partition, but one to set aside deeds fraudulently obtained; that the relief, so far as the partition was concerned, was incidental, and might have been denied even though the deeds had been set aside. In *Delashmutt v. Parrent*, 39 Kan. 548, 557, 18 Pac. 712, the court used the following language:

"Under our code, however, the fact that the property is held adversely to the plaintiff will not defeat an action of partition when brought in connection with or as part of another action for the recovery of real property. Under our rules of pleading the two causes of action may be united in one action, or they may, when so pleaded, and no objection is made, be tried as a single cause of action." (See, also, *Scarborough v. Smith*, 18 Kan. 399; *Kennedy v. Haskell*, 67 id. 612, 73 Pac. 913.)

The practice of questioning the sufficiency of a petition by an objection to the introduction of evidence thereunder is not to be encouraged, and such objection should be overruled if, upon any fair construction, any cause of action is stated. So here, independently of the considerations already mentioned, we are clearly of the opinion that the court committed no error, because allegations warranting the setting aside of the deeds were clearly contained in the petition.

Again, it is claimed that the petition stated no cause of action because it showed that the bar of the statute of limitations had run—that the deeds, having been executed in 1893, and placed of record shortly thereafter, were secure against attack five years after the date of such recording. This claim could not be true as to the plaintiff Otelia R. Carter, because she had no interest in the land, and consequently no right of action, until the death of her father, and this suit was brought by her in less than six months thereafter. Nor does the petition show that the statute of limitations had run as against the father, Conrad Schuster, prior to his death. The allegation of the petition is

Howard v. Carter.

that he was mentally weak at the time of the execution of the deeds, and that this condition had existed for more than eight years prior to his death. Being thus mentally weak and under the influence of the sons-in-law, the statute of limitations did not run against him in their favor. More than this, as will hereafter be seen, the case was tried on both sides upon the theory of the mental unsoundness of Conrad Schuster at the time of the execution of these deeds, and the jury found that he was mentally unsound. The presumption is, in the absence of other showing, that this condition continued up to his death (*Lantis v. Davidson*, 60 Kan. 389, 56 Pac. 745), in which case the statute would not run against him.

It is further contended that the petition was insufficient because there were no facts stated therein constituting fraud; that at most there was but a mere general averment of fraud and undue influence; that specific facts should have been stated, rather than these general averments. This claim would be entitled to some consideration had the question arisen upon a motion to make more definite and certain, but contains nothing substantial, arising as it does upon the objection to the introduction of evidence.

The second claimed error is in the admission of certain evidence over the objection of defendants below. This evidence was that of non-expert witnesses as to the mental condition of Conrad Schuster at and about the time of the execution of the deed. In all of this criticized evidence the witnesses made themselves competent to speak concerning their belief of the mental capacity of Schuster by giving the extent of their observation of his conduct and conversations. It is well settled in this state that a non-expert witness may be permitted to give his judgment as to the sane or insane state of another's mind after having detailed to the jury the extent of his opportunities to deduce a correct opinion and judgment thereon. In all such

cases it is a question for the jury as to the weight which such opinion should be given, considering the opportunities for, and the accuracy of, such observation. (*Baughman v. Baughman*, 32 Kan. 538, 4 Pac. 1003; *The State v. Beuerman*, 59 id. 586, 53 Pac. 874.)

At the conclusion of plaintiff's evidence a demurrer was interposed thereto, and overruled. It is claimed that there was no evidence warranting the setting aside of the deeds because there was nothing to show that these deeds had been obtained by undue persuasion or influence by Howard and Clark or their wives. The allegation of the petition was that while Schuster was weak, both bodily and mentally, and thus easily influenced, the defendants Clark and Howard, with the assistance of their wives, "coaxed, persuaded and unduly influenced him, the said Conrad Schuster, to convey and deed to them all his real estate." There was no specific evidence whatever of any coaxing, persuasion, or undue influence. It was shown that while Conrad Schuster was in a weak and unsound mental condition he made these deeds conveying all of his property to his two sons-in-law, without any consideration whatever therefor. This was sufficient evidence to be considered by the court upon the issue presented by the petition. In the nature of things it would be a rare case where the details of conversation or conduct could be shown indicating undue persuasion and influence. Such arts would be exercised only in the absence of witnesses, or, at most, in the presence of those whose interest and inclination would impel to their denial. We may as well judge of the cause from an effect as of the effect from a cause. The fact that one mentally infirm does these things might of itself lead to the fair and just conclusion that he was impelled thereto by undue persuasion and influence, and this fact, being proved, is sufficient to sustain the allegation of the petition. (*Paddock v. Pul-*

*sifer*, 43 Kan. 718, 23 Pac. 1049; *Hill v. Miller*, 50 id. 659, 32 Pac. 354.)

Complaint is made as to the correctness of three instructions given.  There were but two questions submitted to the jury.  The first and second of the criticized instructions do not appertain to either of these questions, they could not in any way have influenced the findings of the jury thereon, and hence it is sufficient to say that it is immaterial whether these instructions were correct as abstract propositions of law or otherwise.  The third is as follows:

"The court instructs the jury that, in deciding whether or not Conrad Schuster was of sound mind, or was unduly influenced, at the time of making the deeds in question, you have a right to take into consideration the reasonableness or unreasonableness of his act in making said deeds; and if you believe that a man of sound mind would not have been likely to do such an act in the free exercise of his judgment, discriminating against his own daughter in favor of two sons-in-law, then you have a right to infer from the act itself that undue influence was used to secure said deeds, though not bound to do so."

We are of the opinion that this instruction is not open to fair criticism.  It was certainly proper for the jury, in determining the question of the soundness of Conrad Schuster's mind, to take into consideration the reasonableness of his actions, and they might also, from the mere fact of the transfer under the circumstances shown, infer that such transfer was brought about by undue influence.

Complaint is made of the refusal of the court to give three requested instructions.  Two of these clearly are foreign to the questions submitted for the jury's determination.  The third contains, along with matter that might properly have been submitted, other matter that was foreign to these issues.  In such case no error was committed by the court in refusing to submit the instructions.  We might add as to both of

these last contentions that this was a trial to the court; that the findings of the jury were simply advisory; that, after all, the court was the final arbiter. of the facts submitted to and found by the jury; so that the correctness or incorrectness of the instructions cut but small figure, except it might be to show that the court was adopting a wrong theory in the adjudication of the facts. Such is not the case here.

Upon the hearing of defendants' motion for a new trial the plaintiff was given permission to amend her petition by inserting an allegation therein that Conrad Schuster, at the time of the execution of the deeds in question, was of unsound mind and memory. Complaint is made that this was an abuse of judicial discretion. We think that this amendment finds ample warrant under section 139 of the code of civil procedure (Gen. Stat. 1901, § 4573), and that there was no abuse of discretion in permitting it. On both sides this had been a litigated question during the progress of the trial. Witnesses had been examined upon the question by both parties, and the jury had made its finding of fact upon it. Surely, under such circumstances, it was in furtherance of justice that the amendment was made.

We have given painstaking care to all of the assignments of error and the record in the case, and find no error requiring reversal of the judgment of the district court. It is therefore affirmed.

All the Justices concurring.