HOWARD L. GRIMSHAW *et ux.* v. I. L. KENT, *as Administrator, etc.*

No. 14,940  (89 Pac. 658.)

PRACTICE, SUPREME COURT—*Departure—Waiver.* It was said to be too late to raise a question of departure for the first time upon review.

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed March 9, 1907. Affirmed.

*J. E. Maxwell,* and *W. T. Johnston,* for plaintiffs in error.

*Frank M. Sheridan,* for defendant in error.

*Per Curiam:* I. L. Kent, as administrator of the estate of Elizabeth C. Grimshaw, deceased, brought this action against Howard L. Grimshaw and wife to recover the sum of $1950, an alleged asset in their

possession belonging to the estate. The answer denied
any indebtedness due the estate, and alleged in sub-
stance that Howard L. Grimshaw is the son of Eliza-
beth C. Grimshaw; that Olive A. Grimshaw is his
wife; that they reside in Winslow, Ariz.; that on the
4th day of May, 1901, Elizabeth C. Grimshaw was at
their home in that place, and on' that day offered to
give to defendants the sum of $1900, they agreeing
to pay her an annuity of $240 in monthly payments
so long as she lived.

The contract referred to in the answer was in wri-
ting and appears in full in the opinion in *Grimshaw v.
Kent,* 67 Kan. 463, 73 Pac. 92, where the judgment
was reversed for errors in the rejection of testimony.
The former opinion states the facts necessary to an
understanding of the controversy.

The reply denied that Mrs. Grimshaw ever executed
the contract, and alleged that for several years prior
to her death she was feeble-minded and incapable of
transacting business, and that if she executed the
writing the defendants fraudulently procured its exe-
cution, and fraudulently induced her to turn over her
money to them.

At the second trial the jury again found for plain-
tiff, and made a number of special findings. It is
sought by defendants to reverse the judgment.

The trial court admitted in evidence a number of
letters written by deceased to her children and her
sister, and also a writing in the form of an unattested
will found among her papers and dated less than two
years before her death. Error is claimed in the ad-
mission of this evidence. It was offered to prove the
allegations of the reply in respect to the mental con-
dition of deceased, and was proper evidence, unless,
as is claimed, the allegations of the reply constituted
a departure from the facts relied upon in the petition.
The reply was not attacked by demurrer or motion,
and the pleadings are the same as when the case was.

first tried. It is too late to raise the question of departure at this time.

Most of the brief of defendants is taken up with a discussion of the conflicting evidence as to the mental capacity of deceased. There was evidence to sustain the finding of the jury that she was mentally incapable of entering into the contract, and also to support the general verdict. Its weight we are not called upon to determine. We find no error in the record.

The judgment is affirmed.