No. 19,260.

GEORGE JENKINS et al., *Appellees*, V. FLORA JENKINS,
*Appellant*.

SYLLABUS BY THE COURT.

1. SETTING ASIDE DEED — *Mental Incapacity* — *Cause of Action
Stated*.  In an action to set aside a deed, because of the un-
soundness of mind of the grantor, a petition which alleges
that the grantor was very old and decrepit, and for many
years previous to his death was of a weak mind and habit,
and mentally incapable of attending to or transacting busi-
ness, and for a long time had been incapable by reason of
mental incapacity of applying himself to and intelligently
conducting his affairs; that the grantee knew of this con-
dition previous to the date and execution of the deed, suffi-
ciently states continued mental unsoundness from the date
named until the grantor's death, as against a demurrer.

2. SAME—*Mental Unsoundness—Statute of Limitations*.  The
statute of limitations does not run against one who is so
unsound of mind as to be incapable of attending to his
business.

3. SAME—*Nonexpert Evidence—Competent to Show Mental In-
capacity*.  Testimony of non-expert witnesses is properly ad-
mitted to show the unsoundness of mind of a grantor in a
deed, when the witnesses give their means of observing the
person inquired about and detail the acts and conduct of
that person.

4. SAME — *Statute of Limitations* — *Suspended Until Grantor's
Death*.  As against the heirs of a grantor in a deed, who is
of unsound mind at the time of making the deed, and so con-
tinues until his death, the statute of limitations does not be-
gin to run until the death of the grantor.

5. SAME — *Unnecessary Allegations of Petition* — *Fraud*.  In a
petition to set aside a deed, filed by the heirs of a grantor
who was of unsound mind at the time of the execution thereof,
it is not necessary to allege fraud other than that of pro-
curing the deed, knowing the grantor to be of unsound mind
at the time of the execution of the same.

Appeal from Wyandotte district court, division No.
1; EDWARD L. FISCHER, judge.  Opinion filed February
6, 1915.  Affirmed.

*J. N. Baird,* and *McCabe Moore,* both of Kansas City, for the appellant.

*I. F. Bradley,* of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action was commenced July 12, 1912, by the children of George Jenkins, who died in August, 1911, to set aside a deed executed July 31, 1900, by him to his wife, Flora Jenkins, because of the mental incapacity of George Jenkins. Fraud was alleged in the petition, but was abandoned in the trial, except that it is fraudulent to knowingly procure a deed from a person so unsound of mind as to be incapable of making one. The defendant pleads a general denial; that the deed was executed in consideration of love and affection and other good and valuable consideration; and that the action is barred by the statute of limitations. Judgment was rendered setting aside the deed. A demurrer to the petition and a demurrer to the evidence were overruled.

The appellant contends first, that the demurrer to the petition and the demurrer to the evidence should have been sustained; second, that there was error in the admission of evidence; third, that there was error in refusing to give certain instructions; and that there was error in giving instructions.

The appellant contends that the court erred in overruling the demurrer to the petition because (1) it fails to allege that George Jenkins was mentally incapable of transacting business at the time he executed the deed in controversy; (2) it is not alleged that appellant knew of the mental incapacity of George Jenkins on the day the deed was executed; (3) the allegation of fraud is a mere legal conclusion and is not a statement of fact; (4) it fails to allege that on the day the deed was executed George Jenkins did not know of its being filed for record and did not have knowledge or notice thereof after such date; (5) it fails to allege that George Jenkins was ignorant of

the alleged fraud until a time within the period of the statute of limitations.

On the trial, fraud, except as there is fraud in procuring a deed from a person mentally incapable of making one, was abandoned. If the petition does not properly charge fraud, that question has become immaterial because of its abandonment. Outside the matter of fraud, and in addition to other matters, the petition alleges:

"That said George Jenkins was a very old and decrepit man and for many years previous to his death was of a weak mind and habit and was mentally incapable of attending to or transacting business and for a long time had been incapable by reason of mental incapacity of applying himself to and intelligently conducting his affairs, and was easily misled and imposed upon by persons inclined so to do. That the defendant well knew of the condition of mind of said George Jenkins and of his incapacity to transact business previous to July, 1900; and . . . prevailed upon and induced the said George Jenkins to sign and execute the pretended deed to said land, pretending to convey said land to her the defendant which said deed was void and was without any consideration whatever."

While the petition may be somewhat vague and indefinite, and might have been made definite and certain upon a proper motion therefor, as against a demurrer, it does sufficiently allege mental disability, and knowledge thereof on the part of the defendant on the day the deed was made and continuously thereafter until the death of the grantor.

The appellant's principal contention is that this action was barred by the statute of limitations at the time it was commenced. The petition alleges facts that show George Jenkins to have been under a legal disability continuously at and from the time of the execution of the deed until his death. Sections 16 and 18 of the civil code provide that any person who may be under a legal disability when the cause of action accrues may bring his action within a specified time after the disability is removed. Under the petition

George Jenkins' disability was never removed, and therefore the statute did not run as to him in his lifetime. This case is closely analogous to *Howard v. Carter,* 71 Kan. 85, 80 Pac. 61. Here the law was stated as follows:

"The statute of limitations will not run in favor of a person claiming under a deed made by one mentally unsound, or by one mentally weak, and under the undue influence of the grantee, while such conditions exist." (Syl. ¶ 4.)

(See, also, *Lantis v. Davidson,* 60 Kan. 389, 56 Pac. 745, and *Bank v. Day,* 90 Kan. 506, 135 Pac. 584.)

Being under such a disability, recording the deed could not impart notice to him, and the statute did not run so as to bar his right of action to have the deed set aside, even though he had actual notice of the execution of the deed, as he did have when he signed it and turned it over to his wife.

The next contention is that the court erred in the admission of nonexpert opinion evidence. This kind of evidence as to the soundness of mind of George Jenkins was admitted, the witnesses detailing their means of observation and the acts and conduct of George Jenkins. This has been held competent evidence in repeated decisions of this court. (See the following: *Baughman v. Baughman,* 32 Kan. 538, 4 Pac. 1003; *Zirkle v. Leonard,* 61 Kan. 636, 60 Pac. 318; *Grimshaw v. Kent,* 67 Kan. 463, 73 Pac. 92; *Howard v. Carter,* 71 Kan. 85, 80 Pac. 61; *Commercial Travelers v. Barnes,* 75 Kan. 720, 90 Pac. 293; *Fish v. Poorman,* 85 Kan. 237, 116 Pac. 898.)

Complaint is made that evidence was admitted tending to show mistreatment of George Jenkins by the appellant. We fail to see how this could have harmed the appellant even if it was inadmissible.

Next it is contended that the demurrer to the evidence was erroneously overruled. The evidence tended to establish all of the material allegations of the petition. The same objections are urged to the

evidence as are urged against the petition. If the petition is good, the demurrer to the evidence was properly overruled.

The next proposition argued is that the court erred in refusing to give certain instructions concerning notice to the plaintiffs by the record of the deed in controversy. The difficulty with these instructions is that the plaintiffs did not have and could not have any right whatever to have this deed set aside until after the death of George Jenkins, and no statute of limitations could run as to these plaintiffs until after the death of George Jenkins. The instructions of the court concerning the mental incapacity of George Jenkins to make a deed, the continuation of that mental incapacity, the recording of the deed and the running of the statute of limitations were correct and fully covered the issues as made by the pleadings and established by the evidence.

The appellant contends that the instructions totally ignore the question as to whether or not the deed was fraudulently obtained by the grantee. In order to set aside a deed executed by a person of unsound mind to one who receives the deed with knowledge of the mental condition of the grantor, it is not necessary to allege nor prove any act of fraud on the part of the grantee other than that of knowingly accepting a deed from a person who is incapable of making a deed. It was not necessary to instruct on this question of fraud. That question was not in the case. It had been abandoned.

This answers all the claims of appellant, except that she contends that the court erred in overruling her motion for a new trial. Under this it is claimed that there was improper conduct on the part of appellees' counsel in argument to the jury. We have examined this argument as set out in the abstract of the appellant and find nothing therein upon which to base a reversal of the judgment. The jury found a general

verdict in favor of the plaintiffs, and judgment was rendered thereon.

No reversible error appearing, the judgment is affirmed.