No. 19,989.

SWAN JOHNSON, *Appellant*, v. C. F. GUSTAFSON, as Guardian of Swan Johnson, *Appellee*.

SYLLABUS BY THE COURT.

1. INSANE PERSON—*Guardian May be Appointed Without Notice.* A probate court may without notice appoint a successor to a guardian for a lunatic who has been duly adjudged to be a person of unsound mind, confined in the state hospital for the insane, and discharged therefrom as improved.

2. INSANITY—*Once Adjudged—Presumed to Continue.* In insanity proceedings in the probate court, a person adjudged insane and placed in the state hospital for the insane, and then discharged as improved, is presumed to be insane until it is found that he has been restored to his right mind, under sections 4844 and 4845 of the General Statutes of 1909.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 6, 1915. Affirmed.

*John F. Hanson,* of Lindsborg, for the appellant.

*W. E. Atchison,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Swan Johnson was adjudged insane and sent to the Topeka state hospital. June 1, 1911, he was discharged from the hospital as improved, and since that time has not been under any restraint whatever. There is nothing more to show that Johnson has been restored to his right mind. At or about the time he was adjudged insane, a guardian was appointed for his property. This guardian resigned after Johnson was discharged from the hospital, and Irwin Snattinger was appointed in his stead. He likewise resigned, and C. F. Gustafson was appointed. No notice was given to Johnson concerning the appointment of either the second or third guardian. Gustafson made application to the probate court to sell real property belonging to Johnson, to pay costs. At the hearing of this application Johnson made special appearance and contested the jurisdiction of the court to appoint Gustafson guardian without notice to Johnson, and for that reason

attacked the right of the court to direct Gustafson to sell the real property. The court decided against Johnson, and he appealed to the district court, where the case was tried *de novo*, and judgment was rendered sustaining the probate court. Johnson appeals.

There are seven assignments of error, but all are embraced in two propositions. One is, Did the probate court have jurisdiction to appoint a second and a third guardian, without first giving notice to Johnson that such appointment would be made? The other is, After one has been adjudged insane and confined in the asylum, and is discharged therefrom as improved, does the presumption of insanity continue until it has been found that he has been restored to his right mind?

1. The first question was disposed of by *Foran v. Healy,* 73 Kan. 640, 86 Pac. 470, where this court said:

"Except as limited by the statutes, probate courts in this state have the same power over the person and estate of lunatics that was formerly possessed by courts of chancery under the common law.

"In the absence of a statutory requirement no notice is necessary to confer authority upon a probate court to appoint a guardian for a lunatic who has been duly adjudged to be a person of unsound mind." (Syl. ¶¶ 1, 2.)

2. That Johnson was insane was established by the adjudication which resulted in his being sent to the state hospital and the appointment of a guardian for his estate. In all subsequent proceedings in the same matter in the probate court, this insanity is presumed to continue until it is shown that he has been restored to his right mind. (*The State v. Reddick,* 7 Kan. 143; *Lantis v. Davidson,* 60 Kan. 389, 56 Pac. 745; *The State v. McMurry,* 61 Kan. 87, 58 Pac. 961; *Howard v. Carter,* 71 Kan. 85, 80 Pac. 61.) His discharge from the state hospital as improved, and his remaining at large without restraint, do not show that he has been restored to his right mind. The law prescribes the method by which that fact can be ascertained, the guardian be discharged, and the estate be turned over to its owner. Sections 4844 and 4845 of the General Statutes of 1909 read:

"If any person shall allege in writing, verified by oath or affirmation, that any such person for whom a guardian has been or may be appointed under the provisions of this act, has been restored to his right mind or to temperate habits, the court by which the proceedings were had shall

cause the fact to be inquired into, either by a jury or without a jury, as may seem proper to the court.

"If it shall be found that such person has been restored to his right mind or to temperate habits, he shall be discharged from care and custody, and the guardian shall immediately settle his accounts, and restore to such person all things remaining in his hands belonging or appertaining to him."

The judgment of the district court is affirmed.