No. 27,926.

T. J. Owens, *Appellee*, v. The City of Kansas City, *Appellant*.

(264 Pac. 730.)

SYLLABUS BY THE COURT.

1. LIMITATIONS OF ACTIONS—*Mental Incapacity Tolling Statute—Evidence*. In an action to recover compensation for an injury sustained May 26, 1921, plaintiff, whose petition was filed December 2, 1925, sought to avoid the bar of the statute of limitations on the ground of mental incapacity following the injury. *Held*, the evidence of plaintiff's mental incapacity was not sufficient to toll the statute.

2. SAME—*Waiver of Statutory Defense*. And further, the defendant did not waive the defense that the claim was barred by the statute of limitations.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 10, 1928. Reversed.

*L. S. Harvey, C. C. Glandon* and *Lee Judy*, all of Kansas City, for the appellant.

*H. E. Dean* and *E. E. Martin*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover compensation for injuries received by plaintiff while in the employ of the city and to set aside a release. Plaintiff prevailed and defendant appeals.

The question involved is whether plaintiff's mental incapacity resulting from the injury was sufficient to toll the statute of limitations. He filed his petition December 2, 1925, alleging, substantially, that on March 1, 1923, while in the employ of defendant as a blacksmith, a large window in an iron frame fell from its fastenings and struck him on the head, rendering him unconscious; that he was treated by defendant's physician, and at the expiration of ten days told that he could return to work; that he was paid compensation for the time lost, and signed some paper which he believed to be a receipt for the money received; that after so doing he became physically incapable by reason of the accident to further perform his duties. An arbitrator, appointed by agreement, in a hearing March 4, 1926, found that the accident complained of occurred on May 26, 1921, instead of March, 1923, and that on June 13, 1921, plaintiff

Limitations of Actions, 37 C. J. pp. 722 n. 36, 1026 n. 78; 32 L. R. A. n. s. 352; 51 L. R. A. n. s. 835; 17 R. C. L. 877.

signed a final receipt for compensation and release to defendant for $75.60, which was filed in the office of the clerk of the district court. The injury of March, 1923, was one in which plaintiff strained the muscles of his left side while straightening out a claw bar. He returned to work on March 6, 1923, and continued to work until November 29, 1923, when his position in the shop was abolished. The defense was that the three-year statute of limitations barred plaintiff's claim. By way of reply, plaintiff admitted the injury sued on was sustained in 1921, and alleged that the release purported to have been signed by him, if so signed, was void because of his mental incompetency due to the accident, and that he has since been totally incapable of understanding the effect of his acts. Motion for judgment upon plaintiff's opening statement was overruled, as was also an objection to the introduction of evidence. When the taking of evidence was completed a motion by defendant for a directed verdict was denied, and special questions were submitted to the jury as to whether or not the plaintiff was and is mentally incompetent, and the period of his incompetency. The jury found that he was incompetent, and that such state had existed for two years. A motion by defendant for judgment upon the special findings was overruled, and the court on motion of plaintiff made special findings to the effect that plaintiff's mental incapacity developed within two years of the injury. The court thereupon rendered judgment for plaintiff for $2,550 in a lump sum and $1,710 in weekly payments of $15 per week.

Was the evidence of plaintiff's incapacity sufficient to toll the statute? We think not. Plaintiff himself testified as to his age and occupation; of his working for the water and light plant; how he was hurt; told the nickname of the man who was working with him, and how the window fell on him; failed to remember the date but told the details of how they wiped the blood off and took him to the doctor's and how he was then taken home and put to bed. He testified that he went to see the doctor on the avenue, but didn't remember his name; that he didn't go by himself at first, but later did; went to Chicago, and was off from work perhaps a month; was in debt and went back to work in order to get money; that after he went to work something would press down and he would forget himself; that he would get a kind of unconscious spell, and that would wear away and he would go on working, and that

this happened several times every day at first, and later on not quite so often; that before he was hit he was always up-to-date, and that he was normal most every way; that he still suffers pain, and the only work he has done is to hoe a garden; that he does not sleep well now, and forgets things easily; that after he was hurt he could remember nothing; and that he was as well a year or two ago as he is now; and that he is a little more staggery than he was a year ago; that he had four X-ray pictures of his head taken, and that it seemed to him they made the examinations a year or two ago, and didn't remember the names of the doctors. Doctor Faust testified he first examined plaintiff on February 1, 1926. Doctor Gates stated that he first examined him about six months prior to January 1, 1926. Plaintiff stated that he forgot everything as soon as he read it, and that he had a good memory before he was hurt. On cross-examination, he stated the time he had been in Kansas City, and where he came from; described in detail where he worked; gave the names and addresses of the men for whom he had worked and the amount he was paid when he was off from work; how much he received when he first went there, and how his wages were increased; told of being called to the office because some one cursed him; also about his trip to Chicago, and about the garden he tended and what he raised on it.

Plaintiff's testimony, in our opinion, does not support a finding of incapacity which began within two years of the accident sufficient to toll the statute of limitations. The fact that he was nervous, had dizzy spells, found it difficult to sleep, was forgetful, did not make him mentally incapable of understanding. He was not mentally incapable because he couldn't remember the names of the doctors who examined him, or the name of the building where he was examined. Other testimony referred to by plaintiff as sustaining the court's finding need not be analyzed. It is of no more force or virtue than that above quoted. The records of the timekeeper showed plaintiff to have worked four hours May 26, 1921 (the day of the injury); to have been off from then until June 13, 1921 (17 days); that he worked from that time till August 6, 1922 (nearly 14 months), when he was off until August 14, 1922, and returned to work and worked until February 28, 1923, inclusive; was off then until March 6, 1923, and returned to work; lost three days' time from then until November 28, 1923. His alleged mental incapacity did not prevent him from working.

A contention by plaintiff that defendant waived the statute of limitations cannot be sustained. The plaintiff alleged the injury for which compensation was sought to have occurred on or about March 1, 1923. He attached thereto an exhibit purporting to be a final receipt for compensation and release and under date of March 5, 1923; alleged that the receipt was signed through fraud and mutual mistake; asked that it be set aside and he be allowed $15 per week for a period of 416 weeks from March 1, 1923. Demand was made for arbitration and agreed to, and on the arbitration hearing it was ascertained by the arbitrator that the plaintiff was injured on May 26, 1921. Defendant's answer then filed set up the statute of limitations. So it appears that it was not until the plaintiff actually appeared in court to recover on the arbitration award that he claimed that the injury occurred in 1921. Immediately, and at the first opportunity, the defendant moved for judgment because the statute of limitations barred plaintiff's claim. The motion was overruled.

The plaintiff seeks to avoid the statute of limitations under the authority of *Lantis v. Davidson,* 60 Kan. 389, 56 Pac. 745; *Howard v. Carter,* 71 Kan. 85, 80 Pac. 61; *Bank v. Bay,* 90 Kan. 506, 135 Pac. 584; *Gillmore v. Gillmore,* 91 Kan. 707, 139 Pac. 386; *Jenkins v. Jenkins,* 94 Kan. 263, 146 Pac. 414. It is not necessary to analyze these authorities. The evidence in the instant case does not bring plaintiff within the doctrine there announced and adhered to.

The judgment is reversed and the cause remanded with instructions to enter judgment for the defendant.