## THE PEOPLE *v.* JACOB SMITH.

PROOF OF INSANITY.—When the defendant is accused of murder, and the defense is insanity, if there is any evidence tending to prove the personal insanity of the defendant, or the killing was apparently without motive, the defendant should be permitted to introduce evidence of the insanity of his parents.

APPEAL from the District Court, Second Judicial District, Butte County.

The defendant appealed.

The other facts are stated in the opinion of the Court.

*Goodwin & Burt,* for Appellant, argued that the existence of insanity in the parent afforded a strong presumption of its existence in the offspring, and that the facts of this case entitled the defendant to the benefit of the offered testimony concerning the insanity of his mother and aunt.

*J. G. McCullough, Attorney-General,* for the People, argued that there must be some evidence of the defendant's personal insanity before evidence of hereditary insanity could be introduced, and that whether there was any evidence of the personal insanity of the defendant the Court in the first instance must be the judge; and cited 1 Greenleaf's Ev., Sec. 49; *Smith* v. *Kramer,* 1 Am. Law Reg. 353; 1 Peake's C. C. 539, 556; and *State* v. *Christinas,* 6 Jones N. C. 471.

By the Court, SHAFTER, J. :

The appellant was indicted for murder and on trial was found guilty of murder in the first degree. The defense was insanity. The defendant offered to prove in support of the defense, that his mother was insane at intervals, for years prior

to her death, and that she died insane ; and that an aunt was now insane and an inmate of a lunatic asylum. The evidence was excluded on the ground of irrelevancy and incompetency.

The fact to be proved was the personal insanity of the defendant at the time the homicide was committed, and it is admitted by the Attorney-General that the evidence of the secondary facts which the defendant offered to prove, would have been admissible had there been any evidence in the case at the time the offer was made, tending to prove the personal insanity in dispute.

We have examined the record with great care, and are satisfied that there was evidence in the case at the time the rejected testimony was offered, tending to prove that the defendant was insane at the time of the killing. Passing the evidence introduced by the defendant, the homicide as presented by the testimony of the people, was a most extraordinary one ; for on that evidence the killing was not only without motive but opposed to every motive likely, under the circumstances disclosed, to influence the conduct of the accused as a rational being. In the language of Mr. Chief Justice Gibson, in the case of Arrowsmith, " there is nothing unreasonable in referring wild, furious and unnatural actions, not otherwise accounted for, to the aberrations of a mind the reflux of that of a crazy parent." (Wharton and Still's Med. Jus. 93.)

Judgment reversed, and new trial ordered.

Mr. Chief Justice CURREY expressed no opinion.