GEORGE W. GASTON, *Appellant*, v. JOSEPH GASTON
*et al., Appellees.*

No. 16,453.

1. WILLS—*Mental Capacity—Undue Influence.* A finding that a testator had mental capacity and was not unduly influenced when she executed a will was sustained by evidence.

2. EVIDENCE—*Transactions with Persons Since Deceased.* A statement by a devisee that he had had no communication with the testator was properly admitted.

Appeal from Mitchell district court. Opinion filed July 9, 1910. Affirmed.

*C. L. Kagey,* and *R. M. Anderson,* for the appellant.

*F. J. Knight, A. E. Jordan,* and *Frank A. Lutz,* for the appellees.

*Per Curiam:* This action was an attack on the will of Catherine Gaston, because of a lack of testamentary capacity when she made the will, and also because she was procured to execute it by undue influence. The jury found that Mrs. Gaston was of sound mind and memory when the will was executed, and that its execution was not procured by fraud or undue influence; and these findings were adopted by the court. Although aged and feeble when the will was made, the testimony tends to show that she fully understood what she was then doing, and comprehended the nature and extent of her property and understood how she wished to distribute it among those entitled to her bounty. The evidence is sufficient to support the findings.

It is contended that one of the devisees under the will was permitted to testify in his own behalf in regard to a communication had with the deceased, in defiance of the statute. The testimony objected to was not a communication with the deceased, but was rather a statement that he had no communication with her.

Such testimony does not trench upon the rule of the statute. (*Murphy v. Hindman,* 58 Kan. 184.)

Other rulings upon the admission of testimony are criticized, but no error is found in any of them, and the objections to the instructions are not entitled to serious consideration.

The judgment is affirmed.