Fish v. Poorman.

---

AGNES M. FISH *et al., Appellants,* V. B. A. POORMAN *et al., Appellees.*

No. 16,815.

## OPINION ON REHEARING.

### SYLLABUS BY THE COURT.

1. INSANITY — *Proof of* — *Previous Acts Competent Evidence.* Where the issue to be determined by the jury is the mental condition of a person at a certain time, it is always competent to show previous acts of insanity, delusion or mental derangement unless the previous conditions are excluded because they appear to be disconnected and remote. Where the mental derangement or its cause is continuing or permanent in character the objection of remoteness will not apply.

2. ——— *Nonexpert Competent to Give His Judgment.* A non-expert witness may be permitted to give his judgment as to the sane or insane state of another's mind, after having detailed to the jury the extent of his opportunities to deduce a correct opinion and judgment thereon. (*Howard v. Carter,* 71 Kan. 85.)

3. ——— *Evidence of Taint in Family Competent.* Proof of a taint of insanity in the family of a person is competent when there is other proof of the insanity of the person in question.

4. UNDUE INFLUENCE—*Grantor and Grantee Believers in Spiritualism—Medium—Competent Evidence.* The plaintiffs sought to show that a conveyance was procured by the undue influence of the grantee. There was evidence which tended to show that the grantor, a woman fifty-two years of age who was in ill health, conveyed to her family physician a farm worth $3500 in consideration of an indebtedness she owed him of less than $1000. The court excluded evidence that the grantor and grantee were believers in spiritualism and frequently met and talked over their religious belief. *Held,* that the evidence was competent for the purpose of showing the relations which the parties to the conveyance sustained to each other.

5. DELIVERY OF DEED—*Presumption When Found among Papers of Deceased.* Where a deed to real estate duly executed is found among the papers of a deceased person who is named as grantee the presumption is that it was duly delivered and the burden of proving the contrary rests upon the grantor or person who claims that it was not delivered. *Held,* further, that an instruction is erroneous which charges that a mere preponderance of evidence on the part of the grantor is sufficient to show that it was not his intention to convey the land described in such deed.

6. PHYSICIAN — *Statutory Incompetence to Testify May be Waived.* The heirs at law of one who has been treated by a physician may waive the provisions of the statute making a physician incompetent to testify to any knowledge obtained in his professional capacity from the patient.

7. EVIDENCE—*Not a Transaction with Deceased.* A denial by a witness that he delivered to the deceased in the latter's lifetime a certain deed, *held* not evidence of a transaction with a deceased person but a mere denial that a transaction was had.

8. INSANITY—*Burden of Proof—By Preponderance of Evidence.* The burden of proving mental incapacity in a person of mature years rests upon the party having the affirmative,

but this burden may be met by a preponderance of the evidence, and an instruction requiring clear and satisfactory evidence in order to establish such mental incapacity is erroneous.

9. PRACTICE, SUPREME COURT—*On Rehearing Issues Same as on Original Appeal.* Upon rehearing all the questions raised by the appeal are open for reargument except where the order granting the rehearing otherwise provides.

Appeal from Riley district court. Opinion on rehearing, filed July 7, 1911. Reversed. (Original opinion not reported.)

*Daughters & Story,* and *Bird & Pope,* for the appellants.

*John E. Hessin, John C. Hessin,* and *Hoyt A. Poorman,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: This was ejectment brought by plaintiffs to recover possession of an undivided two-thirds interest in a quarter section of land and for rents and profits.·

The plaintiffs and Ellen T. Crain are the surviving sisters and heirs at law of Millie R. Sherwood, who owned the land in her lifetime and who died in October, 1905. The defendants acquired the interest of Ellen T. Crain and also claim title under certain conveyances from Millie R. Sherwood to Dr. W. A. Forster. The plaintiffs' contention is that at the time the conveyances to Doctor Forster were made Mrs. Sherwood was of unsound mind, and that he exercised an undue influence over her, and, further, that the land in question was reconveyed by Doctor Forster to Millie R. Sherwood in her lifetime. There was a trial to a jury and a verdict for the defendants. The plaintiffs appeal.

The errors assigned are thirty-four in number, but it will not be necessary to consider all of them. The plaintiffs offered evidence showing that Millie R. Sher-

wood, who was fifty-two years of age at the time of her death, had suffered from ill health for a number of years; that at one time she was injured in a street-car accident, that she had been struck by lightning, had been sand-bagged, and had suffered from the results of these injuries from the time they were inflicted; that she suffered much from nervous headache, pain in the bowels and lower limbs, was hysterical at the least provocation, was given to moods and would go off and cry for two or three days at a time, and that she was weak-minded and easily influenced. Much of this testimony the court excluded on the ground that it was not made to appear that the particular conditions were present at or near the time the conveyances were executed. We think it was error to exclude the testimony. It is true that some of the instances of the physical as well as the mental condition of Mrs. Sherwood had reference to times long previous to the execution of the conveyances, and were to that extent of less probative force than if shown to have been present at or near the time the deeds were made. The evidence, however, was competent in connection with other testimony which tended at least to show that Mrs. Sherwood was not of sound mind at the time of the conveyances. The issue to be determined by the jury was her mental condition at a certain time, but it is always in civil cases competent to show previous acts of insanity, delusion or mental derangement, unless the previous conditions are excluded because they appear to be disconnected and remote. In 22 Cyc. 1117 the rule is stated as follows: "Where insanity at a particular time is in issue, evidence of insanity before and after that time will be received, subject to a proper restriction as to remoteness."

Where insanity is continuing or permanent in character, or where the cause of the disorder is continuing or permanent, the objection of remoteness will not apply. Even in criminal cases the inquiry is as to the

condition of the defendant's mind for a reasonable period both before and after the time. (*The State v. Newman*, 57 Kan. 705.)

"But in order to ascertain a person's mental condition at the time of the act in question, it is permissible to receive evidence of the condition of his mind for a reasonable period both before and after that time, especially where it is claimed that his disorder is of a continuing or permanent character, and this evidence should be considered by the jury in connection with the other facts and circumstances of the case." (16 A. & E. Encycl. of L. 614.)

Mrs. Phalen, a sister of Mrs. Sherwood, was not allowed to state her opinion of the mental condition of Mrs. Sherwood, on the ground that she was not qualified to give an opinion. A similar objection was sustained to the testimony of Charles S. Owsley, an attorney who transacted business for Mrs. Sherwood the last three years of her life and who frequently saw and talked with her. The rulings rejecting this testimony were erroneous.

"It is well settled in this state that a nonexpert witness may be permitted to give his judgment as to the sane or insane state of another's mind after having detailed to the jury the extent of his opportunities to deduce a correct opinion and judgment thereon. In all such cases it is a question for the jury as to the weight which such opinion should be given, considering the opportunities for and the accuracy of such observation." (*Howard v. Carter*, 71 Kan. 85, 91.)

(*Baughman v. Baughman*, 32 Kan. 538; *The State v. Beuerman*, 59 Kan. 586; *Smith v. Smith*, 84 Kan. 242.)

Plaintiffs also offered proof, which the court rejected, showing that several relatives of Mrs. Sherwood were insane, and that one of them, Elizabeth Powell, her mother's sister, died in an insane asylum. This class of testimony is generally held admissible on the recognized principle of the hereditary character of insanity, but only in corroboration of proof that a particular person is or was insane. (22 Cyc. 1117; 7

16—85 KAN.

Encyc. of Ev. 453.)    But proof of a taint of insanity in a person's family, without actual evidence of insanity in the person himself, will never be allowed to overcome the presumption of his sanity.    (*Snow et al. v. Benton et al.,* 28 Ill. 306; *Bradley v. The State,* 31 Ind. 492.)    By the weight of authority such proof is said to be competent only when there is other proof tending to establish the insanity of the person in question.    (*People v. Smith,* 31 Cal. 466.)    We think the testimony here should have been admitted.

The plaintiff's evidence tended to show that Mrs. Sherwood, who was fifty-two years of age, was in ill health; that she conveyed a farm worth $3500 to her family physician, to whom she was indebted in a sum less than $1000.    They offered evidence that Mrs. Sherwood and Doctor Forster were both believers in spiritualism; that she professed to exercise at times the powers of a medium, and that she and Doctor Forster frequently met and talked about their religious faith. The court excluded the evidence.    Under the circumstances it was admissible, not as proof of Mrs. Sherwood's insanity, but because it was claimed that the physician exercised over her an undue influence, and thus induced her to make the conveyance.

Dr. Matilda E. Loper, a physician who treated the deceased in her last illness, was not permitted to testify as to the physical and mental condition of Mrs. Sherwood, the ground of the objection being that under the statute she was incompetent to testify without the consent of the patient.    The rule is, that after the death of the patient his heirs at law or personal representatives may waive the objection.    (23 A. & E. Encycl. of L. 90.)    The same rule as to waiver obtains as in the case of a communication between attorney and client. (*Thompson v. Ish,* 99 Mo. 160; *Winters v. Winters,* 102 Iowa, 53; 63 Am. St. Rep. 428, note.)    The evidence was clearly admissible.

Complaint is made because the court permitted Doctor Forster to testify that he never delivered the deed

in question to any person. The direct question whether he had ever delivered it to Mrs. Sherwood was ruled out on plaintiffs' objection that it called for testimony concerning a transaction with a deceased person. We agree with plaintiffs that to permit him to testify that he never delivered the deed to anyone amounted to the same thing as if he had been allowed to answer the question directly, but can not agree with the contention of plaintiffs that this was in contravention of the statute. Cases have been cited which may be said to support the plaintiffs' contention. So far as we have examined these cases, they appear to proceed upon a much more strict construction of the statute than it has been our policy to adopt. We have uniformly construed our statute with liberality, to the end that no competent testimony shall be excluded unless clearly within the inhibition of the statute. (*Bryan v. Palmer,* 83 Kan. 298, 300.) In *Murphy v. Hindman,* 58 Kan. 184, a witness was permitted to deny that she ever executed or delivered a certain deed to the deceased in his lifetime, and this testimony was held to be simply a denial that a transaction was had, and therefore not within the statute. In *Gaston v. Gaston,* 83 Kan. 215, the witness stated that he had had no communication with the deceased, and it was held that the testimony was admissible, that it was not concerning a transaction had with the deceased, but a mere denial that any transaction took place. (To the same effect, see 30 A. & E. Encycl. of L. 1030.) Under these authorities, the ruling of the trial court was right.

The instructions are complained of, and are open to the criticism that they are so worded as to leave to the plaintiffs little if any benefit from the presumption of the delivery of the deed found among the papers of Mrs. Sherwood. Instructions numbers 6 and 7 erroneously place the burden upon the plaintiffs to prove that the grantor, Doctor Forster, intended by the deed to reconvey the property in question to Mrs. Sherwood. It is true that instruction number 9 puts the burden

upon the defendants to prove that such was not the intention, but the instructions, taken together, are misleading. Instruction number 8 will be referred to again.

Instruction number 7 is objectionable for another reason. It states the rule that "before an act done by a person of mature years can be set aside or disregarded on account of mental incapacity, it must be clearly and satisfactorily proven that such person was of unsound mind or so mentally weak as to be incapable of understanding her rights in transacting ordinary business." "Clear and satisfactory" proof is required in some classes of cases, but not in this. In order to establish the mental incapacity of Millie R. Sherwood to execute the conveyance in question the burden rested upon the plaintiffs, but this could be met by a preponderance of the evidence. Where any fact or status is presumed by law to exist, evidence is required to overthrow the presumption. In ordinary civil cases such evidence must preponderate in weight; but it is not true that every presumption stands until overcome by clear and satisfactory evidence. In general a mere preponderance is sufficient. In exceptional cases the rule is otherwise. Thus, in order to establish that a deed absolute on its face was intended as a mortgage the proof should be clear and satisfactory. (*Winston v. Burnell,* 44 Kan. 367.) The same measure of proof is required to take the case of a parol contract for the conveyance of lands out of the operation of the statute of frauds. (*Baldwin v. Baldwin,* 73 Kan. 39, 46; *Wooddell v. Allbrecht,* 80 Kan. 736.) The same rule applies where it is sought to overcome the certificate of acknowledgment to a conveyance where the parties have actually appeared and signed the instrument. (*Gabbey v. Forgeus, Adm'r,* 38 Kan. 62; and *Gas Co. v. Fletcher,* 81 Kan. 76, 82, 83, holding that where the party denies that she either signed or acknowledged the instrument her testimony must be taken as that of any other interested witness.) And where it is sought to set aside

a conveyance as fraudulent, as was held in *Insurance Co. v. Rammelsberg,* 58 Kan. 531, the evidence of fraud must be "clear, decided and satisfactory." In this case all that was required of the plaintiffs was to produce a preponderance of the evidence on the issue as to the mental capacity of Mrs. Sherwood, and the instruction given was erroneous in requiring a higher degree of proof.

Instruction number 8 was too favorable to the defendants, in that it required only a preponderance of the evidence on their part to show that it was not the intention of Doctor Forster to convey to Mrs. Sherwood the land described in the deed found in her possession at the time of her death. It was said in the opinion in *Winston v. Burnell,* 44 Kan. 367:

"A higher and more satisfactory character of proof is required to establish that an instrument or conveyance is not what it purports to be than is necessary in ordinary civil cases. Generally, a mere preponderance is sufficient; but when parties deliberately execute a written conveyance there is a strong presumption that it expresses their intentions, and more than a bare preponderance of parol proof is required to remove this presumption and to show a contrary intention. Some of the courts declare that in such cases the proof must be 'clear'; others that it must be 'convincing'; others that it must be 'satisfactory'; and still others that it must be 'clear of all reasonable doubt.' These expressions substantially convey the same idea and require the same degree of proof." (p. 369.)

In a former opinion (not published) the judgment was affirmed. Afterward a rehearing was allowed. The defendants now claim that the only questions open for reconsideration are those raised in the application for rehearing. In this they are wrong. Upon rehearing the whole case is up for review, except where the order granting the rehearing limits the questions to be reargued.

For the errors in the admission of testimony and in the instructions the judgment must be reversed and a new trial ordered.