No. 20,814.

J. S. STAFFORD et al., *Appellees,* v. MARTIN SUTCLIFFE, as an Individual and as Executor of the Will of MARY F. TYLER, deceased, *Appellant.*

### SYLLABUS BY THE COURT.

1. WILL—*Action to Set Aside.* The evidence is examined, and held to support the findings.

2. SAME—*Refusal to Set Aside Findings.* It was not error to deny the defendant's motion to set aside the findings.

3. SAME—*Nonexpert Witnesses as to Sanity—Proper Questions.* Nonexpert witnesses should be asked to give the extent of their knowledge and observation of the conduct and appearance of the person whose sanity is questioned, and may then be properly asked to give their opinions as to such sanity. This practice was substantially followed in the trial below, and such evidence should be considered.

4. SAME—*Confidential Relation of Drawer of Will.* The evidence of the confidential relation of the principal beneficiary to the testatrix justified the conclusion that he was incompetent to take, under section 11765 of the General Statutes of 1915.

Appeal from Gove district court; JACOB C. RUPPENTHAL, judge. Opinion filed November 9, 1918. Affirmed.

*David Ritchie,* of Salina, for the appellant.

*R. H. Thompson,* of Gove, and *T. L. Bond,* of Salina, for the appellees.

The opinion of the court was delivered by

WEST, J.: The heirs of Mary F. Tyler brought this suit to set aside her will, devising to Martin Sutcliffe all of her estate except certain small bequests, on the ground of mental incapacity and the fraud of her confidential adviser, who was beneficiary in the will which he drew. The court submitted questions of fact to a jury, who found generally for the plaintiffs, and specially that the testatrix had mental capacity to know she had a will and wanted to sign it, but not sufficient to fully understand its contents; that it was prepared by her confidential agent without independent advice and when she did not have sufficient mental capacity to understand what she was doing and the purpose and effect of the instrument as a will, did not

Stafford v. Sutcliffe.

know and appreciate the natural objects of her bounty and her duty toward them, and was not of sound mind. The defendant moved to set aside all the findings concerning the alleged confidential relationship, and want of independent advice, and unsoundness of mind, and requested the court to make the findings returned more definite and certain, which motion was denied.

The defendant appeals, and urges in his brief that the evidence and findings are insufficient to sustain the judgment; that there was error in the instructions; that the refusal to set aside the findings complained of was error, likewise the court's failure to make the findings more definite and certain, and that the principal beneficiary was not in such relationship with the testatrix as to come within the inhibition of the statute (Gen. Stat. 1915, § 11765).

No argument is made in support of the first contention, and it is apparent that the findings are ample to support the decree.

An examination of the record fails to disclose any error in refusing to set aside the findings complained of. Counsel quotes parts of the evidence which tend to support his position, but numerous witnesses testified to acts and statements which furnish substantial bases for the answers, a detail of which evidence would extend this opinion beyond the length deemed proper in these days of increasing brevity.

In considering the opinion of certain nonexpert witnesses, it is urged that the rule in *Isaac v. Holderman*, 76 Neb. 823, should be followed, to the effect that such a witness can be permitted to express his opinion as to the sanity of a person only when he has shown other sufficient qualifications and has stated the facts and circumstances on which his opinion is based. This precise point does not appear to have been pressed in any of the cases decided by this court, but the rule has been stated that—

"Non-professional witnesses may give their opinions as to sanity, as the result of their personal observation of the person whose mental condition is in question, after first stating the facts which they observed." (*Baughman v. Baughman*, 32 Kan. 538, 543, 4 Pac. 1003.)

(See, also, *The State v. Beuerman*, 59 Kan. 586, syl. ¶ 2, 53 Pac. 874.)

38—Kan.—3099.

In *Grimshaw v. Kent,* 67 Kan. 463, 73 Pac. 92, one of the defendants, at whose home the deceased had lived for some time, was asked what she could say, from her association with her, her observation of her conduct, and her conversation with her, as to her mental condition, and this was held to be a proper question, also that it was error to sustain an objection thereto. The statement of the basic facts appears to be included in the rule as mentioned in *Howard v. Carter,* 71 Kan. 85, syl. ¶ 6, 80 Pac. 61; *The State v. Rumble,* 81 Kan. 16, 18-20, 105 Pac. 1. (See, also, *Harper v. Harper,* 83 Kan. 761, 773, 113 Pac. 300; *Fish v. Poorman,* 85 Kan. 237, syl. ¶ 2, 116 Pac. 898; *Jenkins v. Jenkins,* 94 Kan. 263, 146 Pac. 414.)

Professor Wigmore says:

"It has been already noticed . . . that the general rule in a few courts requires that a statement of the facts (or observed data) must precede the witness' statement of his opinion or conclusion; and that this on principle is an unsound limitation. . . . And in a number of jurisdictions the courts are found requiring that 'the facts,' *i. e.,* observed data, 'must accompany (or precede) the opinion'. This requirement in some of the remaining jurisdictions has been expressly negatived; in others it does not exist in practice but has not been expressly passed upon." (3 Wigmore on Evidence, § 1935.)

It is proper to ask the witness the extent of his acquaintance with, and observation of, the person in question, and for him to describe the actions and appearance of such person. In this case, not only did numerous witnesses give in considerable detail the appearance, actions, statements, and conduct of the testatrix, but no objection appears to have been interposed to any of the questions concerning this matter, and hence no error in this respect appears.

Counsel says there is no evidence which sustains the findings that the drawer of the will was the confidential agent or legal adviser of Mrs. Tyler, or held any other position of confidence within the meaning of the statute. But one witness testified that Mr. Sutcliffe stated that he had been looking after Mrs. Tyler's business affairs since her husband's death, and that the witness himself was in business with Mr. Sutcliffe two or three years and knew that Sutcliffe was taking care of her business for her. Another heard her say that Mr. Sutcliffe had everything, had all her papers, and was doing her business, and that he told her if she did not have mortgages recorded it

would save paying taxes on them. Mr. Sutcliffe himself testified that he had been transacting business for Mr. Tyler before his death, and thereafter for Mrs. Tyler, who had five mortgages and two certificates of deposit and a house and some lots. This was enough to sustain the finding as to the confidential relation. Neither was there material error in the instruction on this point.

There was testimony fairly indicating that the will was read aloud in her presence before signing, but as to this no finding was requested. As to whether she knew its contents the answer was, "Insufficient evidence," which means that the jury were not able to find that she knew its contents.

The entire estate, save six ten-dollar bequests, was given to her business adviser by the will which he drew, appointing himself sole executor without bond or inventory. There was testimony that she had stated that she and her husband wanted him to have the property, but the relationship he bore to her in a business way and her mental incapacity were so disclosed as to result in the findings returned, which were properly supported and must stand.

The decree properly followed, and it is affirmed.