No. 23,551.

John Focke, *Appellee*, v. Rosa Havel, *Appellant*, et al.

SYLLABUS BY THE COURT.

1. Specific Performance—*Sale of Land—Evidence Proved Soundness of Mind of Vendor*. There was evidence which tended to prove that the appellant was of sound mind at the time she contracted for the sale of real property.

2. Same. There was evidence to support the jury's answers to the special questions.

3. Same—*Sale of Land—Instructions as to Soundness of Mind of Vendor*. An instruction which stated "insanity can only be proved by clear and reasonable evidence" but which also stated that "before you find the defendant of unsound mind you should believe such fact established by a preponderance of the evidence," was not so misleading as to compel a reversal of the judgment based thereon.

4. Same—*Evidence That Contract Was Signed During a Lucid Interval of Vendor*. There was evidence which tended to prove that the contract for the sale of real property was signed during a lucid interval of the one resisting the specific performance of the contract on the ground of unsoundness of mind at the time the contract was made.

5. Same—*Contract Not Inequitable*. There was nothing inequitable in compelling the specific performance of the contract in question.

Focke v. Havel.

Appeal from Rawlins district court; WILLARD SIMMONS, judge. Opinion filed March 11, 1922. Affirmed.

J. P. Noble, and P. T. Noble, both of Oberlin, for the appellant.
C. A. P. Falconer, of Atwood, Edwin D. McKeever, and Arch M. McKeever, both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff seeks to compel defendant Rosa Havel to specifically perform a contract for the conveyance of real property. Judgment was rendered in favor of the plaintiff, and Rosa Havel appeals.

Her defense was that the contract had been obtained by the fraud and undue influence of the plaintiff and that, at the time the contract was signed, defendant Rosa Havel was of unsound mind and incapable of contracting. A jury was impanelled, and special questions were submitted and answered as follows:

"QUESTIONS OF FACT SUBMITTED BY PLAINTIFF.

"No. 1. Do you find from the evidence that the defendant, Rosa Havel, had periods or spells in which she was not in her normal condition. A. Yes.

"No. 2. If you answer the former question in the affirmative, then do you find from the evidence that she had lucid intervals and periods when she was normal? A. Yes.

"No. 3. If you answer the last question in the affirmative, then do you find from the evidence that the contract involved in this case was signed and executed by defendant during such lucid intervals and period when she understood what she was doing? A. Yes.

"QUESTIONS SUBMITTED BY DEFENDANT, ROSA HAVEL.

"No. 1. Did the defendant Rosa Havel fully understand the nature and effect of the purported contract signed by her on the 24th day of January, 1920, at the time she signed the same? A. Yes.

"No. 2. Was the defendant Rosa Havel in such mental condition at the time of signing said instrument that she was fully able to understand the contents thereof and the nature and effect of its provisions? A. Yes.

"No. 3. Did the defendant, Rosa Havel, when she signed the said instrument, believe that she was signing a contract that would give her $40.00 per acre for her land? A. No.

"No. 4. If you believe that defendant Rosa Havel was able to understand the nature of the contract, do you further believe that she was influenced to sign the same by plaintiff by over-persuasion and shrewd tactics practiced on her when she was in a weakened physical and mental condition? A. No."

The court approved the findings of the jury and made additional ones which, for the purposes of this appeal, did not add materially to those made by the jury. Appropriate motions were filed by defendant Rosa Havel, all of which were denied.

1. Rosa Havel insistently contends that all the evidence showed that she was of unsound mind at the time she signed the contract. The court cannot agree with this contention. There was abundant evidence to show that she was of sound mind at that time, although there was evidence from which the jury might have found otherwise. No good purpose will be served by setting out that evidence. The court approved the findings of the jury and further found that Rosa Havel fully understood and comprehended the nature of the contract and voluntarily executed it.

2. Rosa Havel contends that there was not sufficient evidence to support the answers of the jury to the questions submitted by her. This contention must be answered in the same way that the first one is answered—that there was evidence to support those findings and that the court approved them and made additional findings to substantially the same effect.

3. Complaint is made of the following part of an instruction given by the court:

"You are further instructed that reason being the common gift of God to man, every person is presumed to be sane, and insanity can only be proved by clear and reasonable evidence, and before you should answer questions as to defendant's mental condition by stating that she was not able to understand the contents and nature of such contract and its provisions, before you find the defendant of unsound mind you should believe such fact established by a preponderance of the evidence."

The language objected to is "clear and reasonable evidence." Taken alone, that language might be objectionable, but the concluding part of the instruction stated that the fact of an unsound mind must be "established by a preponderance of the evidence." The latter is a correct statement of the law. (*Fish v. Poorman*, 85 Kan. 237, 116 Pac. 898.) While the words "clear and reasonable evidence" might have been omitted from the instruction and the words "a preponderance of the evidence" might have been substituted therefor, yet the entire instruction cannot be understood otherwise than as requiring a preponderance of the evidence to establish the fact of unsoundness of mind.

4. Complaint is also made of the following instruction:

"You are instructed that although you may believe that the mental powers of Rosa Havel had become enfeebled or disturbed for any reason, still should you believe from the evidence that the said Rosa Havel has lucid intervals or intervals when her mind was sound or in such a condition that she knew and understood the nature and extent of this business transaction and that said contract was signed during such lucid interval, then your findings of the

Emry v. Cripes.

validity or execution of the contract should be that defendant was of sound mind and understood the nature and effect of such contract."

This complaint is supported by the argument that there was no evidence introduced to show that the contract was signed during a lucid interval. There was such evidence. There was abundant evidence to show that she understood the contract; that she assented to its terms; and that she signed it after understanding it and assenting to it.

5. The last contention is that it would be inequitable to compel performance of the contract. No fraud was practiced to obtain the contract; Rosa Havel was capable of making the contract and knew what she was doing when she signed it; a fair price was to be paid for the land; and no reason appears why the contract should not be enforced.

The judgment is affirmed.