No. 26,291.

In re the Probate of the Will of WILHELMINA KUHN, Deceased. ARNOLD FLINTJER (Proponent), *Appellant*, v. CHARLES REHM, Administrator of the Estate of WILHELMINA KUHN, Deceased; ERNEST L. SCHOOF and all unknown Heirs at Law of WILHELMINA KUHN, Deceased, *Appellees.*

### SYLLABUS BY THE COURT.

1. WILLS—*Validity—Confidential Relation of Beneficiary—Burden of Proof.* When a will is prepared by the sole or principal beneficiary, who was the confidential agent, or who occupied a position of confidence or trust to the testator, the instrument will not be held valid as a will unless it be affirmatively shown (*a*) that the testator read or knew its contents, and (*b*) had independent advice with reference thereto.

2. SAME—*"Independent Advice"—Term Construed.* The term "independent advice," as used in R. S. 22-214, means that the testator had the preliminary benefit of conferring fully and privately upon the subject of his intended will with a person who was not only competent to inform him correctly as to its effect, but who was so disassociated from the interest of the beneficiary named therein as to be in a position to advise with the testator impartially and confidentially as to the consequences to those naturally entitled to the testator's bounty.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed January 9, 1926. Affirmed.

*James B. Kelsey,* of Leavenworth, for the appellant.
*A. E. Dempsey,* of Leavenworth, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action brought under R. S. 22-223 to establish a will, the probate of which had been refused. The trial court sustained a demurrer to plaintiff's evidence, and he has appealed. The facts giving rise to the action may be thus stated: The testator, Wilhelmina Kuhn, was born in Germany in November, 1833, but had lived many years in this country, and for twenty-five years or more in Leavenworth. Her husband died some years ago and was buried in a cemetery at Leavenworth. She had no children, but had distant relatives. She lived alone in a small cottage having two or three rooms. She was a devout member of the Salem Evangelical church, attended its meetings and made contributions for

Gifts, 28 C. J. p. 654 n. 28. Independent, 31 C. J. p. 475 n. 38. Wills, 40 Cyc. pp. 1084 n. 24, 1286 n. 31; 28 L. R. A. n. s. 270; 28 R. C. L. 145.

its support regularly as long as her health permitted, and thereafter had the treasurer come to her home regularly for her contributions. Various friends, mostly members of her church, including her pastor, called upon her occasionally. Although frail, she was mentally alert and did her own housework until three or four weeks before her death, which occurred April 6, 1924. She left an estate of the value of about $10,000.

The plaintiff, Arnold Flintjer, is a German. He has lived in and near Leavenworth about forty years. He is a member of the same church and had known Mrs. Kuhn twenty or twenty-five years. He was engaged in the real estate and insurance business, had an office, employed a stenographer, a Miss Forge, and occasionally had some minor legal matters attended to by Mr. Jesse A. Hall, an attorney, whose office was in the same building. For more than two years he had been looking after Mrs. Kuhn's property and attending to her business matters. On December 8, 1923, the plaintiff, at his office, dictated to his stenographer, Miss Forge, and she wrote, the will in controversy. This will, after providing for the payment of debts, including expenses of last sickness and funeral, and cost of administration, devised and bequeathed all of Mrs. Kuhn's estate to plaintiff, and nominated him as executor without bond. Mrs. Kuhn was not present, and what direction she had previously given as to the preparation of her will is not shown by the record. The plaintiff asked Miss Forge and Mr. Hall to witness the execution of the will, and the three of them went together to the home of Mrs. Kuhn. Plaintiff went in at the side or kitchen entrance, and in a few minutes the others went into the room. When they entered Mrs. Kuhn was seated on a couch, and the parties visited for a few minutes. Plaintiff and Mrs. Kuhn talked quite a little in German, but some of their conversation was in English. Miss Forge understood German, but could not speak it. Plaintiff explained the will to her and she executed it, the parties going out into the kitchen, where there was a table, for that purpose. Mrs. Kuhn then requested Miss Forge and Mr. Hall to sign as witnesses, which they did. Miss Forge's testimony as to what took place is as follows:

"I asked her if she knew what it was. She said, 'Yes.' I explained to her what it was myself. I told her it was her will and asked her if she understood it and that she was willing her property to Mr. Flintjer, and she said 'Yes.'"

At another time the witness testified:

"I asked her if she knew it was her will and that she was willing it to Mr. Flintjer. I asked her that before I signed it."

Mr. Hall's testimony is not so specific, but he thought she understood the contents of the will, and both of the witnesses were of the opinion that she was mentally alert and knew what she was doing. On the same day the plaintiff had Mrs. Kuhn execute before Mr. Hall a power of attorney. It is not clear from the record whether that was at the same time or earlier in the day; neither does the record disclose just what authority was granted by the power of attorney. The record does not specifically disclose what was done with the will after it was executed, nor that anyone else than the plaintiff, the testator, and the two witnesses, knew of its execution. After her death the plaintiff offered the will for probate. Upon hearing, the court refused to probate it, and an administrator was appointed for her estate. Thereafter this action was brought, the plaintiff being the sole beneficiary of the will, the defendants being the administrator and the heirs of Mrs. Kuhn. The sole question in the case is whether or not the plaintiff's evidence was sufficient to go to the jury to show a compliance with our statute, which reads, in part, as follows:

"That in all actions to contest a will, if it shall appear that such will was written or prepared by the sole or principal beneficiary in such will, who, at the time of writing or preparing the same, was the confidential agent or legal adviser of the testator, or who occupied at the time any other position of confidence or trust to such testator, such will shall not be held to be valid unless it shall be affirmatively shown that the testator had read or knew the contents of such will, and had independent advice with reference thereto." (R. S. 22-214.)

It will be observed that the statute applies only (1) when the will is written or prepared by the sole or principal beneficiary; (2) who is the confidential agent or legal adviser, or who occupies some other position of confidence or trust to the testator. When these conditions exist, the will shall not be held to be valid unless two things shall be affirmatively shown: (1) That the testator read or knew the contents of such will, and (2) had independent advice with reference thereto. The question whether, in such a case, only one or both of these things must be affirmatively shown, received due consideration when the law was enacted. The bill was introduced in the senate by Senator Smith and referred to the judiciary committee. That committee recommended that the bill be amended

by striking out the word "and" in the last line and substituting the word "or," and that it be passed as amended. The senate declined to adopt this amendment and passed the bill as introduced. The bill was messaged to the house, referred to the judiciary committee, which recommended that it be amended by striking out the word "and" in the last line and substituting the word "or" (and in another particular), and that the bill be passed as amended. It was so passed. The senate refused to concur in the house amendments; conference committees were appointed; the house receded from its amendments, and the reports of the conference committee were adopted. (See Senate Journal 1907, pp. 84, 89, 110, 140, 148, 390, 409, 448; House Journal 202, 207, 356, 542, 584, 616, 622, 737, 730.) So it is clear that the legislature fully considered the question and required an affirmative showing on both points, viz., that the testator knew the contents of the will, and had independent advice with reference thereto, before it should be held to be valid, when it had been prepared under the circumstances mentioned in the statute. Hence, it is not sufficient to sustain the will to make the showing in the alternative that the testator knew its contents or had independent advice with reference thereto, but both must be affirmatively shown, or the will cannot be sustained, when the will is prepared by the sole or principal beneficiary who occupied a position of confidence and trust to the testator.

The evidence tended to establish that the testator knew the contents of the will, and it is conceded by defendants that it is sufficient for that purpose, at least, to go to the jury; but it is argued, in support of the court's ruling, that there is a total lack of evidence that the testator "had independent advice with reference thereto." The evidence clearly discloses that the will was written by the sole beneficiary. It is further conceded that plaintiff had been looking after the testator's business for more than two years, but it is argued on behalf of plaintiff that the evidence does not disclose that plaintiff at the time of writing or preparing the will was the confidential agent or legal adviser of the testator, or occupied at the time any other position of confidence or trust to such testator, within the meaning of those terms as used in the statute. A somewhat similar question arose in *Stafford v. Sutcliffe,* 103 Kan. 592, 594, 175 Pac. 981, where it was said:

"Counsel says there is no evidence which sustains the findings that the drawer of the will was the confidential agent or legal adviser of Mrs. Tyler, or

Flintjer v. Rehm.

held any other position of confidence within the meaning of the statute. But one witness testified that Mr. Sutcliffe stated that he had been looking after Mrs. Tyler's business affairs since her husband's death, and that the witness himself was in business with Mr. Sutcliffe two or three years and knew that Sutcliffe was taking care of her business for her. Another heard her say that Mr. Sutcliffe had everything, had all her papers, and was doing her business, and that he told her if she did not have mortgages recorded it would save paying taxes on them. Mr. Sutcliffe himself testified that he had been transacting business for Mr. Tyler before his death, and thereafter for Mrs. Tyler, who had five mortgages and two certificates of deposit and a house and some lots. This was enough to sustain the finding as to the confidential relation."

In this case the evidence disclosed that plaintiff had been looking after the testator's business affairs and collecting her rents as far back as January, 1922, when Miss Forge went to work for plaintiff. It further disclosed that, to some extent at least, he looked after her personal necessities and comfort. On one occasion a few months before her death callers noticed that her house had been redecorated and fixed up on the inside, a new rug and furniture bought, and she explained to them that Mr. Flintjer had looked after that for her. She also spoke to others about Mr. Flintjer knowing where her husband was buried and what her wish was with reference to where she should be buried; and other evidence disclosed a much more confidential relation than simply a matter of collection of rents and looking after property. Under the authority above cited it was not error for the court to hold that the evidence disclosed a confidential relation between the testator and plaintiff within the meaning of the statute referred to.

It is argued by plaintiff that the evidence discloses that the testator had independent advice pertaining to her will, as that term is used in the statute, and upon this point quotes and relies upon the testimony of Miss Forge as to what she said to the testator at the time of its execution. It is clear, however, that this goes no further than to indicate that the testator knew the contents of the will. There has long been a principle recognized by courts of equity pertaining to gifts during life, where the donor gave all, or the principal part, of his property to one who stood in a confidential relation to him, which principle required the donee in such an instance to show not only that the donation was knowingly made, but that the donor had independent advice pertaining thereto. (See 28 C. J.

654, and cases there cited; also *Nobles v. Hutton,* 7 Cal. App. 14; *Flowers v. Flowers,* 94 Okla. 134; *Pruitt v. Gause,* 193 Ia. 1354.)

Our legislature has written this principle into the law of wills. In *Post v. Hagan,* 71 N. J. Eq. 234, the term "independent advice" in this connection was held to mean "that the donor had the preliminary benefit of conferring fully and privately upon the subject of his intended gift with a person who was not only competent to inform him correctly as to its legal effect, but who was, furthermore, so disassociated from the interests of the donee as to be in a position to advise with the donor impartially and confidentially as to the consequences to himself of his proposed benefaction."

Under this definition it is clear that the testator had no independent advice concerning the execution of this will. The statute appears to have been enacted with the purpose of having it apply to just such a situation as is disclosed by the record in this case. In *Kelty v. Burgess,* 84 Kan. 678, 681, 115 Pac. 583, in speaking of the purpose of the statute, the court said:

"It applies to the single case of a will written or prepared by a person in a confidential relation to the testator, who is given the whole or the most considerable part of the estate devised. In all other instances the validity of the will is to be determined by the ordinary rules relating to fraud and undue influence."

There being no evidence in this case tending to show that the testator had independent advice pertaining to the execution of her will, the trial court properly sustained the demurrer to plaintiff's evidence.

The judgment of the court below will be affirmed.