No. 29,883.

H. M. Bell, *Appellant,* v. Anna R. Van Meter et al., *Appellees.*

(299 Pac. 606.)

Opinion filed June 6, 1931.

*Adrian S. Houck,* of Medicine Lodge, for the appellant.

*Donald Muir, Harry B. Davis* and *R. H. Beebe,* all of Anthony, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action to set aside a will on the ground of undue influence and mental incapacity. It was tried to the court. No separate findings of fact were requested or made. The court found generally that the instrument in question was the valid will

of the testator and should remain in full force and effect as such, and rendered judgment accordingly. Plaintiff has appealed.

There was no evidence of undue influence as that term was defined and applied in *Ginter v. Ginter,* 79 Kan. 721, 101 Pac. 634, and allied cases; indeed, in this court appellant does not argue that there was undue influence.

On the question of the mental incapacity of the testator to make the will, there was some conflict in the evidence, but there is an abundance of substantial evidence to support the finding and judgment of the trial court. The record on this point presents no legal question to be determined by this court.

Appellant suggests that our statute (R. S. 22-214) relating to an action to contest a will, which provides, if it shall appear that the will was written or prepared by the sole or principal beneficiary who, at the time, was the confidential agent or legal adviser of the testator, or occupied any other position of confidence or trust, should not be held to be valid unless it is affirmatively shown that the testator had read or knew the contents of the will and had independent advice with reference thereto, as construed in *Flintjer v. Rehm,* 120 Kan. 13, 241 Pac. 1087, should be applied here. But it is clear the facts will not warrant its application. No beneficiary wrote or prepared this will. The only beneficiary who knew it was being prepared, and had any part in its preparation, received less than one-fifth of the estate. More than that, it does not appear that this point was pressed in the court below.

The record discloses no reason for disturbing the judgment of the court below, and it is affirmed.