No. 33,932

LESTER WEBER, JR., a Minor, by MARTHA WEBER, His Guardian, *Appellant*, v. MILDRED THATCHER; and A. C. WURTZ, Administrator with Will Annexed of the Estate of Edward J. Weber, Deceased, *Appellees;* MARTHA WEBER, *Appellant*.

(83 P. 2d 618)

Opinion filed November 5, 1938.

*J. R. Hyland* and *H. N. Hyland,* both of Washington, for the appellant.

*F. R. Lobaugh,* of Washington, *Charles L. Hunt* and *Frank C. Baldwin,* both of Concordia, for the appellees.

*Per Curiam:* In this case plaintiff, by an action in the nature of specific performance, sought to recover the entire estate of his grandfather, Edward J. Weber, who died February 27, 1937, because of an oral contract alleged to have been made about December 1, 1932, between Edward J. Weber and his son, Lester Weber, Sr., who died in June, 1936, father of plaintiff, to the effect that if Lester Weber, Sr., would come from his home in St. Joseph, Mo., to Hanover, Kan., and live with and care for his father, Edward J. Weber, the father at his death would leave his entire estate to his son, Lester Weber, Sr. It was alleged the oral contract had been performed by Lester Weber, Sr., but that Edward J. Weber, by his will, had disposed of his property otherwise. Plaintiff claims the estate by virtue of this oral contract and as an heir of his father, Lester Weber, Sr.

Plaintiff's first and primary burden was to establish by proof the oral contract alleged. (*Dreher v. Brumgardt,* 113 Kan. 321, 214

Pac. 419; *Laupheimer v. Buck*, 135 Kan. 631, 11 P. 2d 721.) On this question a number of witnesses testified. Some of these were called by plaintiff, others by defendants. There was documentary evidence which had some bearing on the question. On plaintiff's request the trial court made findings of fact. One of these was to the effect that the evidence was insufficient to establish the contract alleged by plaintiff, and the court specifically found "there was no such contract." There was a conclusion of law to the same effect, and judgment was rendered for defendants.

Plaintiff has appealed, and presents as the sole question to be reviewed "whether the evidence on behalf of the plaintiff was sufficient to establish facts sufficient to prove his cause of action." This calls for weighing the testimony and passing on the credibility of witnesses called by plaintiff. These were functions of the trial court. More than that, there was testimony and documentary evidence offered by defendants, all of which it was the duty of the trial court to consider, which duty no doubt was performed. There is no serious contention here that there is no competent, substantial evidence to support the findings of the trial court. The argument is, if the court had given greater credibility to plaintiff's witnesses and greater weight to their testimony that would have been sufficient in itself to support plaintiff's case.

It seems clear to us that this presents no legal question for review. (See *Bell v. Van Meter*, 133 Kan. 236, 299 Pac. 606, and the many cases collected in Hatcher's Digest, Appeal and Error, § 496.) The appeal, therefore, is dismissed.